[Cite as *McLean v. Ohio Dept. of Transp.*, 2010-Ohio-4231.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ADAM MCLEAN

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-03185-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1) Plaintiff, Adam McLean, filed a complaint against defendant, Department of Transportation (ODOT), alleging that his automobile was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 75 at the approach to the Brent Spence Bridge spanning the Ohio River between Kentucky and Ohio. Plaintiff related "[w]hen driving through Ohio I hit something right before the bridge on 75 North." Plaintiff pointed out his vehicle struck "a pothole on the bridge itself." Plaintiff recalled the incident occurred on December 23, 2009 at approximately 8:00 p.m. Plaintiff seeks damages in the amount of $554.46, the cost of replacement parts and related repair expenses. Plaintiff submitted the $25.00 filing fee and requested reimbursement of that cost along with his damage claim.

{¶ 2} 2) Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact that the Commonwealth of Kentucky and not ODOT bears the maintenance responsibility for the substantial portion of Interstate 75 on the Brent

Spence Bridge. Defendant submitted photographs depicting the Brent Spence Bridge advising that practically the entire bridge deck is located within the Commonwealth of Kentucky and is consequently the maintenance responsibility of that governmental entity. Defendant stated "[a]s such, the State of Kentucky is the proper party to plaintiff's claim, not the defendant." The site of the damage-causing incident was located within the Commonwealth of Kentucky.

CONCLUSIONS OF LAW

{¶ 3} 1)    R.C. 2743.01(A) provides:

{¶ 4} "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions."

{¶ 5} 2)    R.C. 2743.02(A)(1) states in pertinent part:

{¶ 6} "(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section. to the extent that the state has previously consented to be sued, this chapter has no applicability."

{¶ 7} 3)    R.C. 5501.31 in pertinent part states:

{¶ 8} "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director . . ."

{¶ 9} The site of the damage-causing incident was not the maintenance jurisdiction of defendant. Consequently, plaintiff's case is dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ADAM MCLEAN

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-03185-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION


    Having considered all the evidence in the claim file and, for the reasons set forth above, plaintiff's claim is DISMISSED.  Court costs are assessed against plaintiff

.

                                        _____

                                        DANIEL R. BORCHERT
                                        Deputy Clerk


Entry cc:


Adam McLean
4177 Watertrace Drive
Lexington, Kentucky  40515

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
4/27

Filed 5/5/10
Sent to S.C. reporter 9/2/10